IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,        ORDER

    v.        00-cr-6-bbc-01

TERRY E. SCHAFFNER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Terry E. Schaffner's supervised release was held on January 4, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Laura Przybylinski Finn. Defendant was present in person and by counsel, Associate Federal Defender Ericka L. Bierma. Also present was Senior U. S. Probation Officer Kelley M. Gustaveson.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on July 17, 2000, following his conviction for use of a minor to produce a pornographic depiction that was transported in interstate commerce in violation of 18 U.S.C. § 2251(a). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 140 months, with a three-year term of supervised release to

follow.

Defendant began his term of supervised release on May 29, 2009. On November 18, 2011, I added Special Condition No. 11, requiring defendant to spend up to 180 days in a residential reentry center to stabilize himself within the community.

Defendant violated the mandatory condition prohibiting him from committing another state crime when he wrote more than 35 insufficient funds checks from two closed bank accounts in Dunn County, Wisconsin, from November 10 through 21, 2011. Defendant violated Special Condition No. 11, requiring him to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer when he failed to report his November 25, 2011 contact with an officer of the Menomonie, Wisconsin Police Department.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the three-year term of supervised release imposed on defendant on July 17, 2000, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation and a criminal history category of VI, defendant has an advisory guideline term of imprisonment of 8 to 14

months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The purpose of this sentence is to hold defendant accountable for his behavior and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 17, 2000, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 14 months. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 4th day of January, 2012.

BY THE COURT:
/s/
Barbara B. Crabb
District Judge